IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

**FILED**
NOV 2 1 2013
CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS
BY _____ DEPUTY

MARIE BROADNAX, Individually and )
as Personal Representative of the Estate of )
MARY CRAIGEN, )
                                          )
        Plaintiff, )
                                          )
vs. )   Case No. 13CV1404
                                          )   Chapter 60
                                          )   Division 7
GGNSC EDWARDSVILLE III LLC )
   Serve Registered Agent: )
   Corporation Service Company )
   2900 SW Wanamaker Drive, Suite 204 )
   Topeka, KS 66614 )
                                          )
        Defendant. )

## PETITION FOR DAMAGES

COMES NOW Plaintiff Marie Broadnax, individually and as personal representative of the Estate of Mary Craigen, and for her causes of action against Defendant GGNSC Edwardsville III LLC, states and alleges as follows:

### Parties

1.    From May 16, 2011 to November 5, 2012, Plaintiff's Decedent, Mary Craigen, was a resident of Golden LivingCenter-Edwardsville located at 751 Blake Street, Edwardsville, Wyandotte County, Kansas 66111.

2.    Plaintiff resides in Wyandotte County, Kansas, and is a surviving sister and an heir-at-law of Decedent Mary Craigen within the meaning of K.S.A. 60-1902.

3.    Plaintiff is the duly appointed personal representative of the Estate of Mary Craigen pursuant to letters issued on October 22, 2013 by the District Court of Wyandotte County, Kansas, Case No 13P269.



EXHIBIT B

1

4.  Defendant is a foreign limited liability company with its principle place of business in Wyandotte County, Kansas. At all times relevant to this action, Defendant owned, operated, and did business as Golden LivingCenter-Edwardsville, which is licensed by the State of Kansas as a mental health nursing facility.

5.  Defendant can be served through its registered agent, Corporation Service Company at 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

## Jurisdiction and Venue

6.  The negligent acts and omissions giving rise to Plaintiff's Petition occurred in Wyandotte County, Kansas.

7.  Therefore, jurisdiction and venue are proper in Wyandotte County, Kansas.

## Agency

8.  All actions of the nursing staff and other employees and agents of Defendant who were responsible for providing care and treatment to Mary Craigen while she was a resident at Golden LivingCenter-Edwardsville, alleged herein, were performed within the scope of their employment or agency with Defendant.

9.  Therefore, Defendant is vicariously liable for the actions of its nursing staff and other employees and agents in relation to the care of, or failure to care for, Mary Craigen.

## Facts

10. Throughout her residency at Golden LivingCenter-Edwardsville, Mary Craigen was a high fall risk due to her history of falls, impaired gait, antidepressant and antianxiety medication use, improper footwear, and physical, mental, and psychiatric health.

11. As a result her physical, mental and psychiatric condition, Mary Craigen was entirely dependent upon Defendant and its staff for her safety and relied upon Defendant and its

staff to provide appropriate interventions and fall precautions to prevent her from falling and injuring herself.

12. On or about January 1, 2012, Mary Craigen fell while being allowed to ambulate without assistance in which staff documented that she had sustained no apparent injury. Defendant and its staff failed implement appropriate interventions to prevent further falls.

13. On or about June 25, 2012, Mary Craigen fell while being allowed to ambulate without assistance in which staff documented that she had sustained no apparent injury. Defendant and its staff failed implement appropriate interventions to prevent further falls.

14. On or about July 6, 2012, Mary Craigen fell while being allowed to ambulate without assistance in which staff documented that she had sustained no apparent injury. Defendant and its staff failed implement appropriate interventions to prevent further falls.

15. On or about September 8, 2012, Mary Craigen fell while being allowed to ambulate without assistance causing her to sustain injuries for which she had to be emergently transferred to Providence Medical Center for treatment and evaluation. Defendant and its staff failed implement appropriate interventions to prevent further falls.

16. On or about September 18, 2012, Mary Craigen fell while being allowed to ambulate without assistance in which staff documented that she had sustained no apparent injury. Defendant and its staff failed implement appropriate interventions to prevent further falls.

17. On or about October 2, 2012, Mary Craigen suffered a fall while being allowed to ambulate without assistance causing her to sustain injuries. Defendant and its staff failed implement appropriate interventions to prevent further falls.

18. On or about October 24, 2012, Mary Craigen fell while being allowed to ambulate without assistance causing her to violently strike her face and head against a door before hitting the hard tile floor. Defendant and its staff failed to take adequate precautions to prevent this fall.

19. Over the next several days Mary Craigen's condition deteriorated and she developed progressive weakness in her upper and lower extremities.

20. On October 28, 2012, Mary Craigen told Defendant and its staff that she could not walk and had to be put in a wheelchair for safety. Mary Craigen would never walk again.

21. Defendant and its staff failed appropriately assess and monitor Mary Craigen's condition after her October 24, 2012 fall, failed to perform post fall neurological checks, and failed to notify Mary Craigen's physician or other health care providers of her significant change in condition, including but not limited to the fact that she had deteriorated to the point that she could no longer walk.

22. On November 1, 2012, Mary Craigen was transferred to Providence Medical Center for a suspected urinary tract infection.

23. Defendant and its staff failed to inform the health care providers at Providence Medical Center about Mary Craigen's October 24, 2012 fall.

24. Defendant and its staff also failed to inform the health care providers at Providence Medical Center about Mary Craigen's progressive neurological decline since her October 24, 2012 fall, including but not limited to the fact that she had deteriorated to the point that she could no longer walk.

25. Mary Craigen continued to deteriorate to the point that she became quadriplegic. She was ultimately diagnosed with acute unstable fractures C4-5 and C3-4 and underwent an emergent neurosurgical procedure, which did not improve her function.

4

26. The failure of Defendant and its staff to timely and accurately inform the health care providers at Providence Medical Center about Mary Craigen's October 24, 2012 fall and progressive neurological decline since her fall delayed the diagnosis of Mary Craigen's neck fracture causing, among other things, irreversible quadriplegic and ultimately her untimely death.

27. On November 26, 2012, Mary Craigen was discharged to Kindred Hospital where she stayed until her death on February 11, 2013.

## COUNT I—Negligence

28. Plaintiff incorporates by reference all of the foregoing allegations in this Petition as if fully set forth herein.

29. At all relevant times, Defendant had a duty to act in accordance with the standards of care required of a mental health nursing facility.

30. This duty required Defendant to implement and enforce policies and procedures to ensure the proper care for and treatment of residents such as Mary Craigen.

31. This duty required Defendant to have sufficient and qualified staff to ensure the proper care for and treatment of residents such as Mary Craigen.

32. This duty required Defendant to ensure that its nurses and other staff were properly educated and trained with regard to the care for and treatment of residents such as Mary Craigen.

33. Defendant breached this duty and was negligent.

34. As a direct and proximate result of Defendant's negligence, Mary Craigen was harmed and suffered damages, including but not limited to pain, suffering, mental anguish, disability, disfigurement, and loss of enjoyment of life; hospital, doctor and related expenses; and other damages.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant for a reasonable sum of money in excess of seventy-five thousand dollars ($75,000) for damages in order to fairly compensate for the losses suffered.

### COUNT II—Vicarious Liability

35. Plaintiff incorporates by reference all of the foregoing allegations in this Petition as though fully set forth herein.

36. At all relevant times, Defendant and its staff had a duty to act in accordance with the standards of care required of a mental health nursing facility and its personnel.

37. Defendant and its staff breached this duty and was negligent.

38. As a direct and proximate result of Defendant's negligence, Mary Craigen was harmed and suffered damages, including but not limited to pain, suffering, mental anguish, disability, disfigurement, and loss of enjoyment of life; hospital, doctor and related expenses; and other damages.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant for a reasonable sum of money in excess of seventy-five thousand dollars ($75,000) for damages in order to fairly compensate for the losses suffered.

### COUNT III—Wrongful Death

39. Plaintiff incorporates by reference all of the foregoing allegations in this Petition as though fully set forth herein.

40. The wrongful acts of defendant directly caused or directly contributed to cause the death of Mary Craigen.

41. As a direct and proximate consequence of the death of Mary Craigen, Plaintiff has sustained pecuniary and non-pecuniary damages, including, but not limited to, mental anguish,

suffering and bereavement; loss of companionship; loss of services, loss of attention and loss of a complete family; loss of familial care, advice, and protection.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant for a reasonable sum of money in excess of seventy-five thousand dollars ($75,000) for damages in order to fairly compensate for the losses suffered.

### DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial on all issues in this action.

Respectfully submitted,

**FOWLER PICKERT, LLC**

BY: _____
Tom Pickert, #21589
Ryan Fowler, #21914
tom@fpinjurylaw.com
ryan@fpinjurylaw.com
One Hallbrook Place
111500 Overbrook Rd
Suite 350
Leawood, KS 66211
(913) 661-9600 (Phone)
(913) 661-9614 (Fax)

**ATTORNEYS FOR PLAINTIFF**

7

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| MARIE BROADNAX, Individually and as Personal Representative of the Estate of MARY CRAIGEN,<br><br>Plaintiff,<br><br>vs.<br><br>GGNSC EDWARDSVILLE III LLC<br><br>Defendant. | Case No. 13CV1404<br>Chapter 60<br>Division 7 |

### SUMMONS

To the above named defendant: GGNSC EDWARDSVILLE III LLC, Registered Agent, Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

You are notified that an action has been filed against you in this court. You are required to file a written response to the petition with the Clerk of the District Court and to serve a copy of that response upon the plaintiff's attorney:

Tom Pickert
Fowler Pickert, LLC
11150 Overbrook Rd, Suite 350
Leawood, KS 66211

within 20 days after service of this summons upon you. Any related claim that you have against the plaintiff may be stated as a counterclaim in your written response.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

**KATHLEEN M. COLLINS**
Clerk of the District Court

By _____ 11/22/13  Deputy Clerk

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| MARIE BROADNAX, Individually and as Personal Representative of the Estate of MARY CRAIGEN, <br><br> Plaintiff, <br><br> vs. <br><br> GGNSC EDWARDSVILLE III LLC <br><br> Defendant. | Case No. 13CV1404 <br> Chapter 60 <br> Division 7 |

## SUMMONS

To the above named defendant: GGNSC EDWARDSVILLE III LLC, Registered Agent, Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

You are notified that an action has been filed against you in this court. You are required to file a written response to the petition with the Clerk of the District Court and to serve a copy of that response upon the plaintiff's attorney:

Tom Pickert
Fowler Pickert, LLC
11150 Overbrook Rd, Suite 350
Leawood, KS 66211

within 20 days after service of this summons upon you. Any related claim that you have against the plaintiff may be stated as a counterclaim in your written response.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

Clerk of the District Court KATHLEEN M. COLLINS

By _____ 11/22/13 Deputy Clerk