IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARIE BROADNAX, Individually and ) | |
| as Personal Representative of the Estate of ) | |
| MARY CRAIGEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-02640-SAC-KGS |
| ) | |
| ) | |
| GGNSC EDWARDSVILLE III LLC, ) | |
| ) | |
| GARY HOLMES ) | |
| <u>Serve at</u>: ) | |
| 751 Blake Street, ) | |
| Edwardsville, Wyandotte County ) | |
| Kansas 66111 ) | |
| ) | |
| AND JAYME KUBICKI, ) | |
| <u>Serve at</u>: ) | |
| 751 Blake Street, ) | |
| Edwardsville, Wyandotte County ) | |
| Kansas 66111 ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

In accordance with Fed. Rule Civ. Pro. 15(a)(1)(B), Plaintiff Marie Broadnax, individually and as personal representative of the Estate of Mary Craigen, and respectfully submits her Amended Complaint against the above-named Defendants, and states and alleges as follows:

## Parties

1.     From May 16, 2011 to November 5, 2012, Plaintiff's Decedent, Mary Craigen, was a resident of Golden LivingCenter-Edwardsville located at 751 Blake Street, Edwardsville, Wyandotte County, Kansas 66111.

1

2.     Plaintiff resides in Wyandotte County, Kansas, and is a surviving sister and an heir-at-law of Decedent Mary Craigen within the meaning of K.S.A. 60-1902.

3.     Plaintiff is the duly appointed personal representative of the Estate of Mary Craigen pursuant to letters issued on October 22, 2013 by the District Court of Wyandotte County, Kansas, Case No 13P269.

4.     Defendant GGNSC Edwardsville III LLC (hereinafter, "Defendant GGNSC") is a foreign limited liability company with its principle place of business in Wyandotte County, Kansas.  At all times relevant to this action, Defendant owned, operated, and did business as Golden LivingCenter-Edwardsville, which is licensed by the State of Kansas as a mental health nursing facility.

5.     Defendant GGNSC can be served through its registered agent, Corporation Service Company at 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

6.     Defendant GGNSC's sole member is GGNSC Equity Holdings, LLC, which is a holding company that does not direct or control the operations of Defendant GGNSC.

7.     At all relevant times, Defendant Gary Holmes was the administrator of Golden LivingCenter-Edwardsville.  On information and belief, Defendant Holmes is a citizen of Kansas and was a citizen of Kansas at the time of the negligence herein alleged.

8.     Defendant Holmes can be personally served at 751 Blake Street, Edwardsville, Wyandotte County, Kansas 66111.

9.     At all relevant times, GGNSC Equity Holdings, LLC delegated the operational decision-making and management responsibilities of Defendant GGNSC to Defendant Holmes and others who perform virtually all of the operational decision-making and management

responsibilities of Defendant GGNSC at Golden LivingCenter-Edwardsville, which is located at 751 Blake Street, Edwardsville, Kansas 66111.

10.     At all relevant times, Defendant Jayme Kubicki was a registered nurse employed by Defendant GGNSC as a nursing supervisor, who was responsible for the nursing care provided to Decedent Mary Craigen in October 2012 while she was a resident at Golden LivingCenter-Edwardsville, which is located at 751 Blake Street, Edwardsville, Kansas 66111.

11.     On information and belief, Defendant Kubicki is a citizen of Kansas and was a citizen of Kansas at the time of the negligence herein alleged.

12.     Defendant Kubicki can be personally served at 751 Blake Street, Edwardsville, Wyandotte County, Kansas 66111.

## Jurisdiction and Venue

13.     The negligent acts and omissions giving rise to Plaintiff's Petition occurred in Wyandotte County, Kansas.

14.     Therefore, jurisdiction and venue are proper in Wyandotte County, Kansas.

## Agency

15.     All actions of the nursing staff and other employees and agents of Defendant GGNSC who were responsible for providing care and treatment to Mary Craigen while she was a resident at Golden LivingCenter-Edwardsville, alleged herein, were performed within the scope of their employment or agency with Defendant.

16.     Therefore, Defendant GGNSC is vicariously liable for the actions of its nursing staff and other employees and agents in relation to the care of, or failure to care for, Mary Craigen.

**Facts**

17.     On or about May 16, 2011, Mary Craigen was admitted to Golden LivingCenter-Edwardsville with a diagnosis that included an unspecified psychosis and depressive disorder.

18.     Throughout her residency at Golden LivingCenter-Edwardsville and in the several years that preceded it, Mary Craigen had significantly impaired cognition with psychotic symptoms that included delusions and/or hallucinations, requiring the daily use of some combination of psychotropic, antipsychotic, antidepressant, and antianxiety medications.

19.     Throughout her residency at Golden LivingCenter-Edwardsville, Mary Craigen was a high fall risk due to her history of falls, impaired gait, antidepressant and antianxiety medication use, improper footwear, and physical, mental, and psychiatric health.

20.     As a result her physical, mental and psychiatric condition, Mary Craigen was entirely dependent upon Defendant GGNSC and its staff, including but not limited to, Defendant Holmes and Kubicki, for her safety and relied upon Defendants and Defendant GGNSC staff to provide appropriate interventions and fall precautions to prevent her from falling and injuring herself.

21.     On or about January 1, 2012, Mary Craigen fell while being allowed to ambulate without assistance in which staff documented that she had sustained no apparent injury. Defendants and Defendant GGNSC staff and its staff failed implement appropriate interventions to prevent further falls.

22.     On or about June 25, 2012, Mary Craigen fell while being allowed to ambulate without assistance in which staff documented that she had sustained no apparent injury.

Defendants and Defendant GGNSC staff failed implement appropriate interventions to prevent further falls.

23.     On or about July 6, 2012, Mary Craigen fell while being allowed to ambulate without assistance in which staff documented that she had sustained no apparent injury. Defendants and Defendant GGNSC staff failed to implement appropriate interventions to prevent further falls.

24.     On or about September 8, 2012, Mary Craigen fell while being allowed to ambulate without assistance causing her to sustain injuries for which she had to be emergently transferred to Providence Medical Center for treatment and evaluation.   Defendants and Defendant GGNSC staff failed implement appropriate interventions to prevent further falls.

25.     On or about September 18, 2012, Mary Craigen fell while being allowed to ambulate without assistance in which staff documented that she had sustained no apparent injury. Defendants and Defendant GGNSC staff failed implement appropriate interventions to prevent further falls.

26.     On or about October 2, 2012, Mary Craigen suffered a fall while being allowed to ambulate without assistance causing her to sustain injuries.  Defendants and Defendant GGNSC staff failed implement appropriate interventions to prevent further falls.

27.     On or about October 24, 2012, Mary Craigen fell while being allowed to ambulate without assistance causing her to violently strike her face and head against a door before hitting the hard tile floor.  Defendants and Defendant GGNSC staff failed to take adequate precautions to prevent this fall.

28.     Over the next several days Mary Craigen's condition deteriorated and she developed progressive weakness in her upper and lower extremities.

29.     On October 28, 2012, Mary Craigen told Defendants and Defendant GGNSC staff that she could not walk and had to be put in a wheelchair for safety.  Mary Craigen would never walk again.

30.     Defendants and Defendant GGNSC staff failed to appropriately assess and monitor Mary Craigen's condition after her October 24, 2012 fall, failed to perform post fall neurological checks, and failed to notify Mary Craigen's physician or other health care providers of her significant change in condition, including but not limited to the fact that she had deteriorated to the point that she could no longer walk.

31.     On November 1, 2012, Mary Craigen was transferred to Providence Medical Center for a suspected urinary tract infection.

32.     Defendants and Defendant GGNSC staff failed to inform the health care providers at Providence Medical Center about Mary Craigen's October 24, 2012 fall.

33.     Defendants and Defendant GGNSC staff also failed to inform the health care providers at Providence Medical Center about Mary Craigen's progressive neurological decline since her October 24, 2012 fall, including but not limited to the fact that she had deteriorated to the point that she could no longer walk.

34.     Mary Craigen continued to deteriorate to the point that she became quadriplegic. She was ultimately diagnosed with acute unstable fractures C4-5 and C3-4 and underwent an emergent neurosurgical procedure, which did not improve her function.

35.     The failure of Defendants and Defendant GGNSC staff to timely and accurately inform the health care providers at Providence Medical Center about Mary Craigen's October 24, 2012 fall and progressive neurological decline since her fall delayed the diagnosis of Mary

Craigen's neck fracture causing, among other things, irreversible quadriplegic and ultimately her untimely death.

36.     On November 26, 2012, Mary Craigen was discharged to Kindred Hospital where she stayed until her death on February 11, 2013.

## COUNT I—Negligence

37.     Plaintiff incorporates by reference all of the foregoing allegations in this Petition as if fully set forth herein.

38.     At all relevant times, Defendants and Defendant GGNSC staff had a duty to act in accordance with the standards of care required of a mental health nursing facility.

39.     This duty required Defendants and Defendant GGNSC staff to implement and enforce policies and procedures to ensure the proper care for and treatment of residents such as Mary Craigen.

40.     This duty required Defendants and Defendant GGNSC staff to have sufficient and qualified staff to ensure the proper care for and treatment of residents such as Mary Craigen.

41.     This duty required Defendants and Defendant GGNSC staff to ensure that its nurses and other staff were properly educated and trained with regard to the care for and treatment of residents such as Mary Craigen.

42.     Defendants and Defendant GGNSC staff breached this duty and were negligent.

43.     As a direct and proximate result of Defendants and Defendant GGNSC staff's negligence, Mary Craigen was harmed and suffered damages, including but not limited to pain, suffering, mental anguish, disability, disfigurement, and loss of enjoyment of life; hospital, doctor and related expenses; and other damages.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants for a reasonable sum of money in excess of seventy-five thousand dollars ($75,000) for damages in order to fairly compensate for the losses suffered.

## COUNT II—Vicarious Liability

44.     Plaintiff incorporates by reference all of the foregoing allegations in this Petition as though fully set forth herein.

45.     At all relevant times, Defendant GGNSC and its staff had a duty to act in accordance with the standards of care required of a mental health nursing facility and its personnel.

46.     Defendant GGNSC and its staff breached this duty and was negligent.

47.     As a direct and proximate result of Defendant GGNSC's negligence, Mary Craigen was harmed and suffered damages, including but not limited to pain, suffering, mental anguish, disability, disfigurement, and loss of enjoyment of life; hospital, doctor and related expenses; and other damages.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant GGNSC for a reasonable sum of money in excess of seventy-five thousand dollars ($75,000) for damages in order to fairly compensate for the losses suffered.

## COUNT III—Wrongful Death

48.     Plaintiff incorporates by reference all of the foregoing allegations in this Petition as though fully set forth herein.

49.     The wrongful acts of Defendants directly caused or directly contributed to cause the death of Mary Craigen.

50.     As a direct and proximate consequence of the death of Mary Craigen, Plaintiff has sustained pecuniary and non-pecuniary damages, including, but not limited to, mental anguish, suffering and bereavement; loss of companionship; loss of services, loss of attention and loss of a complete family; loss of familial care, advice, and protection.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants for a reasonable sum of money in excess of seventy-five thousand dollars ($75,000) for damages in order to fairly compensate for the losses suffered.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs request a jury trial on all issues in this action.

Respectfully submitted,

**FOWLER PICKERT, LLC**

**BY:**   /s/Ryan Fowler
          Tom Pickert, #21589
          Ryan Fowler, #21914
          tom@fpinjurylaw.com
          ryan@fpinjurylaw.com
          One Hallbrook Place
          11150 Overbrook Rd., Suite 350
          Leawood, KS 66211
          (913) 661-9600 (Phone)
          (913) 661-9614 (Fax)

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the above-referenced document was served upon the following interested parties this 19th day of December, 2013 via the Court's electronic filing system, to:

Roger W. Slead
Richard A. Acosta
Horn Aylward & Bandy, LLC
2600 Grand Blvd., Suite 500
Kansas City, MO 64108
ATTORNEYS FOR DEFENDANT

/s/ Ryan Fowler

_____

**RYAN FOWLER**