IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARIE BROADNAX, Individually
And as Personal Representative
of the Estate of Mary Craigen,

Plaintiff

vs.  Case No. 13-2640-SAC

GGNSC EDWARDSVILLE III LLC,
GARY HOLMES, and JAYME KUBICKI,

Defendants.

MEMORANDUM AND ORDER

The plaintiff Marie Broadnax ("Broadnax") in November of 2013 filed an action in the District Court of Wyandotte County, Kansas, bringing claims for wrongful death and a survival action. The complaint named as the only defendant GGNSC Edwardsville III LLC ("GGNSC"), the owner and operator of Golden LivingCenter-Edwardsville ("Golden"), a mental health facility. The complaint alleged that GGNSC and its staff and agents were negligent in their care and treatment of Mary Craigen causing her personal injuries and contributing to the cause of her death. Asserting that all of its members of the LLC meet the diverse citizenship requirement, GGNSC removed this action to federal court on the basis of diversity jurisdiction and the complaint's prayer of damages in excess of $75,000.00. GGNSC filed its answer to the complaint in this court on December 16, 2013, (Dk. 5), and on the same day, filed a motion to stay case and compel arbitration (Dk. 6).

Without leave of the court, the plaintiff Broadnax filed an amended complaint on December 19, 2013, that added the defendant Gary Holmes, the administrator of Golden, and the defendant Jayme Kubicki, a nursing supervisor at Golden. (Dk. 7). The amended complaint alleges that both of the individual defendants are residents of Kansas.

Besides GGNSC's motion to stay, there is also pending the plaintiff Broadnax's motion to remand (Dk. 8) filed after her amended complaint, and the joint defendants' motion to dismiss the defendant Gary Holmes and Jayme Kubicki or to sever claims against Jayme Kubicki (Dk. 20). The jurisdictional issues raised in the motion to remand are of first importance.

**MOTION TO REMAND**

Having added two alleged non-diverse individual defendants to the action, the plaintiff summarily concludes that diversity jurisdiction is destroyed and that remand is required. (Dk. 9). The defendants respond with an affidavit of Gary Holmes stating he is a resident of Missouri but submit no proof controverting Ms. Kubicki's residence in Kansas. The defendants, however, argue for ignoring the citizenship of both Holmes and Kubicki and seek to have them dismissed from the action or the claims against them severed. The defendants do not challenge the propriety of adding the individual defendants under Fed. R. Civ. P. 15. They rely on Fed. R. Civ. P 19 and 21 as governing whether the individual defendants should

remain in the action. GGNSC premises their arguments on now acknowledging vicarious liability for Holmes, Kubicki and any other staff member who may have been acting within the course and scope of their employment, and GGNSC also offers proof of the adequate insurance coverage for any recovery in this action. Highlighting the timing of the amended complaint and the plaintiff's prior knowledge of Holmes' and Kubicki's involvement in the relevant events, the defendants accuse the plaintiff of adding the individual defendants just to defeat diversity jurisdiction. The defendants deny that Holmes and Kubicki are necessary parties for "just adjudication." Alternatively, the defendants insist it's enough for diversity jurisdiction to have existed at the time of removal for the court now to exercise supplemental jurisdiction over the new defendants.[1]

In reply, the plaintiff points to GGNSC's original answer (Dk. 5) that denied the complaint's allegations of vicarious liability as the first time the plaintiff knew GGNSC could be denying agency liability for Kubicki's actions. The plaintiff argues the individual defendants are indispensable parties, in part, because the terms of the arbitration agreement purport to require a single arbitration which includes GGNSC's agents, employees, and servants. The plaintiff refutes the addition of Kubicki to be fraudulent joinder

---

[1] The court immediately rejects this alternative argument as contrary to the express terms of 28 U.S.C. § 1447(e). The statute does not give the district court the option of joining a non-diverse defendant and retaining jurisdiction. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009).

and rejects the significance the defendants attach to the timing of the amended complaint.

The amended complaint alleges Golden accepted Mary Craigen as a resident diagnosed with unspecified psychosis and depressive disorder that significantly impaired cognition and caused psychotic symptoms such as delusions and hallucinations. The patient allegedly presented a high risk of falling based on her "history of falls, impaired gait, antidepressant and antianxiety medication use, improper footwear," and overall health. (Dk. 7, ¶ 18). From January to July of 2012, the patient fell three times, and the staff documented no apparent injuries from the falls. In the month of September, she fell two more times, and the first time she sustained injuries for which she was treated and evaluated at another facility. Two more times in October, she fell. The second time she violently struck her face and head against the door before falling to the floor. The complaint alleges that after this fall Ms. Craigen's condition deteriorated, she was not monitored correctly, and her physicians were not informed that she could no longer walk. While at another medical facility being treated for an infection, Ms, Craigen was eventually diagnosed with "acute unstable fractures C4-5 and C3-4" which required surgery. The complaint alleges the failure to make timely disclosures of the fall and of the continuing neurological decline delayed the diagnosis of the neck fracture and contributed to her irreversible quadriplegia and death.

Apparently relying on the procedure established by Fed. R. Civ. P. 15(a)(1)(B), the plaintiff filed her first amended complaint (Dk. 7) within 21 days after the defendant's answer (Dk. 5) and did not seek the court's permission before filing it. This amendment, however, sought to add a non-diverse defendant who would destroy this court's subject matter jurisdiction. This triggers 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The joinder of non-diverse defendants rests in the court's discretion after "balanc[ing] the equities. " *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009).

That the plaintiff has already filed the amended complaint with a non-diverse party does not change the analysis. *See Boyce v. CitiMortgage, Inc.*, ---F. Supp. 2d---, 2014 WL 241510, at *5 (W.D. Tex. Jan. 22, 2014); *Baumeister v. Home Depot U.S.A., Inc.*, 2011 WL 650338 at *2 (D. Colo. Feb. 11, 2011); *Reigel v Canyon Sudar Partners, L.L.C.*, 2007 WL 3274430 at *2 (D. Colo. Nov. 5, 2007). When a plaintiff joins a non-diverse party pursuant to Rule 15(a) without leave of the court, the district court retains the discretion under § 1447(e) to review the post-removal joinder:

> Reading Rule 15(a) in connection with Fed. R. Civ. P. 19 and 21, and 28 U.S.C. § 1447(e), resolves any doubts over whether the district court has authority to pass upon any attempts—even those for which the plaintiff needs no leave of court—to join a nondiverse defendant. *See* 28 U.S.C. § 1447(e) ("the court may deny joinder, or permit joinder"); *see also* Fed. R. Civ. P. 19(a) ("A person who is subject to

5

> service of process and *whose joinder will not deprive the court of jurisdiction* over the subject matter of the action shall be joined as a party …") (emphasis added); Fed.R.Civ.P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."). Thus, a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court. *See Ascension Enters., Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360 (M.D.La. 1997) (holding that court has authority under § 1447(e) to reject Rule 15(a) amendment that, post-removal and without leave of court, seeks to add nondiverse defendant); *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996) (same); *cf. Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (rejecting assumption that "a party may force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action.").
>
> That is what happened here. On March 20, 1998—after the case had been removed—Mayes filed her amended complaint naming Key as a defendant. . . . Since no party raised the fact that Key was not diverse, and since the district court had no prior opportunity to pass upon the propriety of Key's joinder, the district court properly could have invoked its authority, under § 1447(e) and related authority, to determine whether Key was an appropriate party. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987) (vacating joinder order because district court permitted post-removal joinder of nondiverse party "as a routine matter," without actually exercising discretion over the joinder).

*Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999); *see Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 888 (S.D. Tex. 2010) (amendments joining non-diverse defendants that are otherwise freely allowed under Fed. R. Civ P. 15(a)(2) are subject to the court's discretion under § 1447(e)). Thus, the court retains the discretion to decide now whether the plaintiff may amend her complaint to add the defendant Kubicki.

If joinder of the party is required by Rule 19, then the court either must remand the case under § 1447(e) or "deny joinder, in which

6

case Rule 19(b) also requires that the action be dismissed." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) (footnote omitted).  If joinder is not required but permitted by Rule 20(a)(2), then the court has discretion under § 1447(e). *Id.* (citing *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F. 2d 405, 416-17 (10th Cir. 1984)). "In exercising its discretion, the court must balance 'the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources" against the diverse defendant's 'interest in retaining the federal forum.'" *Martinez*, 701 F. Supp. 2d at 889 (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). The Tenth Circuit's discussion of the relevant factors has included:

> In determining whether to allow amendment of a complaint, the court typically considers several factors. These include whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had had sufficient opportunity to state a claim and failed. *E.g., Local 472, etc. v. Georgia Power Company*, 684 F.2d 721 (11th Cir. 1982). Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial. *See Svoboda v. Trane*, 495 F.Supp. 367 (E.D. Mo. 1979), *aff'd* 655 F.2d 898 (8th Cir. 1981).
>     Also amendments adding parties may involve consideration of Fed.R.Civ.P. 20, governing permissive joinder. *E.g., Martinez v. Safeway Stores, Inc.*, 66 F.R.D. 446 (N.D.Cal. 1975) (where the court stated that it is implicit in Rule 15 that plaintiff may amend his complaint only to add matters that otherwise would have been proper to include in the original complaint). Consequently, this requires a determination by the district court of whether any right to relief asserted by plaintiffs against all defendants "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and any operation of law or fact common to all will arise in the action." Fed.R.Civ.P. 20(a).

*State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F. 2d 405, 416 (10th Cir. 1984); *see Byers v. Life Care Centers of America, Inc.*, 2008 WL 1867976, at *1 (D. Kan. Apr. 24, 2008). The Fifth Circuit employs a similar set of factors:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities.

*Santillana v. Manhattan Construction Company*, 2013 WL 4854525 at *1 (N.D. Tex. Sep. 10, 1013) (citing *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir.), *cert. denied*, 134 S. Ct. 196 (2013), and *Hensgens*, 833 F. 2d at 1182)).

The amended complaint alleges in count one that the individual defendants and the defendant GGNSC breached the following duties: "to act in accordance with the standards of care required of a mental health nursing facility" (¶ 38), "to implement and enforce policies and procedures to ensure proper care for and treatment of residents" (¶ 39), "to have sufficient and qualified staff" (¶ 40), and "to ensure that its nurses and other staff were properly educated and trained with regard to the care and treatment of residents" (¶ 41). (Dk. 7). Count two alleges vicarious liability against the defendant GGNSC for breach of the "duty to act in accordance with the standards of care required of a mental health nursing facility and its personnel." *Id.* at ¶ 47. The amended complaint at ¶¶ 15 and 16 allege that

"[a]ll actions" of GGNSC's nursing staff and other employees "who were responsible for providing care and treatment to Mary Craigen . . . were performed within the scope of their employment or agency" making GGNSC vicariously liable for their actions. (Dk. 7). The defendant GGNSC's answer states that it lacks "sufficient information" and, therefore, "denies the allegations" of ¶¶ 15 and 16. (Dk. 12). With regard to vicarious liability, the Kansas Supreme Court has recognized the following as the general rules:

> "The general rule is that the principal and agent are jointly and severally liable for the tortious conduct of the agent for whose conduct he is responsible, and that, as a result, they may be joined in a single suit and a judgment may be obtained against each. In such a situation, if the judgments on the merits are inconsistent, i.e., if there is a judgment for the agent and against the principal, the judgment against the principal must be set aside, unless there is some other ground for the principal's liability, as where he is personally negligent. Likewise, where the third party releases the agent, the principal will also be relieved of liability. If the principal controlled the prior action, he will be bound by any judgment against the agent. In any case, the amount of compensatory damages that can be awarded against each must be the same. However, where the principal is liable for punitive damages, the amount may differ from that awarded against the agent." Sell, Agency § 94, 83–84 (1975).

*Atkinson v. Wichita Clinic, P.A.*, 243 Kan. 705, 707-08, 763 P.2d 1085 (1988).

The plaintiff argues the joinder of Kubicki is required under Rule 19(a) in that the defendant GGNSC has denied the allegation of vicarious liability and that Kubicki is an indispensable party to the defendants' joint motion to stay case and compel arbitration (Dks. 6 and 23). The plaintiff believes "a strong argument exists that her [Kubicki's] acts and omissions

9

were reckless and will warrant a request for punitive damages." (Dk. 25, p. 4). The defendants offer no persuasive response to the contention that this court would not be able to afford complete relief under the arbitration agreement or protect Ms. Kubicki's interest in compelling arbitration if she were not joined as a party. Such relief and protection, as well as avoiding the risk of inconsistent obligations, are afforded by having the issues concerning the enforceability of the arbitration agreement decided in a single forum.

Even assuming a different conclusion of the Rule 19(a) analysis, joinder remains entirely appropriate under Rule 20(a)(2) as there is joint and several liability alleged arising out of the same occurrence with many questions of law and fact common to all defendants. This triggers consideration of the factors relevant to the court's exercise of discretion under § 1447(e). For the reasons stated hereafter, the court finds the balance of equities favor allowing the amended complaint and remanding this case for lack of subject matter jurisdiction.

The court is not persuaded the addition of the defendant Kubicki to the suit was primarily driven by defeating federal jurisdiction, although this result certainly was desirable to the plaintiff. The amended complaint alleges against Ms. Kubicki a viable claim that is cognizable under Kansas law and so rebuts any compelling inference of an improper purpose. *See Byers v. Life Care Centers of America, Inc.*, 2008 WL 1867976 at *2 (D.

Kan. 2008) (defendant nursing home had not shown the plaintiff would be unable to establish a cause of action against the resident nurse who had been in charge of the decedent's care); *Reigel v. Canyon Sudar Partners, L.L.C.*, 2007 WL 3274430 at *4 (non-diverse nurses who were responsible for deceased resident's care at a nursing care facility were properly added); *cf. Houk v. Travelers Home and Marine Ins. Co.*, 2012 WL 5430979 at *3 (D. Colo. 2012) (Because the requirements of Rule 20(a)(2) were met, "the Court necessarily finds that Plaintiffs' request for joinder is made in good faith and not solely for the purpose of destroying the Court's subject matter jurisdiction."). That the plaintiff filed the amended complaint only days after removal without any intervening discovery indicates the plaintiff's prior knowledge of Ms. Kubicki's involvement in the alleged events and arguably suggests a diversity-defeating purpose for adding Ms. Kubicki. Nonetheless, the plaintiff also explains adding Ms. Kubicki only after the defendant GGNSC filed its answer denying vicarious liability. Since GGNSC's notice of removal and answer were filed on the same day, any inference drawn simply from the timing of the filings is indistinguishable. Without knowing what reasons or facts could be behind GGNSC's denial of vicarious liability, the plaintiff's decision to add the individual actors seems prudent and reasonable. Additionally, the possibility of state law sustaining a claim of individual liability against Ms. Kubicki forecloses a fraudulent joinder argument. *See Fallas v. Lincare, Inc.*, 2012 WL 2115176 at *4, *report and recommendation*

*adopted by,* 2012 WL 2091526 (D. Colo. 2012); *Archuleta v. Taos Living Center, LLC,* 791 F. Supp. 2d 1066, 1079-1081 (D. N.M. 2011).

As for the other factors, they too favor adding the individual defendant and remanding the case. The circumstances support no inference that the plaintiff was dilatory in adding the defendant Kubicki. *See Martinez*, 701 F. Supp. 2d at 891. Without the amendment, the plaintiff certainly would be prejudiced by the burden and cost of litigating claims arising from the same incident in two forums or by foregoing the claims against Kubicki and risking an adverse outcome on the vicarious liability issue. The defendant GGNSC's interest in preserving a federal forum fails to tip the balance particularly when GGNSC is insisting that the plaintiff's action is subject to an enforceable arbitration agreement. The court allows the amendment and remands the action.

In her reply brief, the plaintiff adds a single-sentence request for attorneys' fees and costs. "'Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.'" *Porter Trust v. Rural Water Sewer and Solid Waste Management Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). The plaintiff's cursory request and briefing of this issue

fails to establish entitlement to fees and costs under this standard. The plaintiff's request is denied.

IT IS THEREFORE ORDERED that the plaintiff's motion to remand is granted but the plaintiff's request for fees and costs is denied;

IT IS FURTHER ORDERED that this case is immediately remanded to the District Court of Wyandotte County, Kansas. The clerk of the court is directed to mail a certified copy of this order to the clerk of the District Court of Wyandotte County, Kansas, pursuant to 28 U.S.C. § 1447(c).

Dated this 28th day of March, 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge